UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARL B. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:10-CV-947-RWS-NAB |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This action is before the court upon Petitioner Carl B. Johnson's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C § 2254. [Doc. 1]. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). [Doc. 16]. For the reasons set forth below, the undersigned recommends that the Petition for a Writ of Habeas Corpus be denied.

**I.  Background**

After a jury trial, Johnson was convicted of First Degree Assault and Armed Criminal Action. The evidence in the light most favorable to the verdict is as follows: On July 21, 2006, Debra Hemmer telephoned her son Matthew Hemmer threatening to commit suicide. The phone call resulted in a lengthy telephone conversation that involved Debra and Matthew[1], Mike Nieroda, and Johnson, who was Debra's live-in boyfriend. At some point during the phone call, Johnson accused Nieroda of wanting to have sex with Debra. After the phone call, Matthew, Nieroda, and Dustin Kreher drove to Debra Hemmer's home. Matthew was drunk. After Matthew, Nieroda, and Kreher arrived at Debra's home, Matthew and Johnson began arguing in the kitchen. Nieroda and Kreher stayed just outside the kitchen door on the patio. Matthew

---
[1] For ease of reference, the Court will refer to Debra and Matthew Hemmer by their first names.

repeatedly challenged Johnson to go outside and fight him. At some point, Johnson retrieved a knife from a drawer. Johnson told Matthew he had been in jail before, was not scared of Matthew, and Matthew should not talk to him disrespectfully. Nieroda and Kreher moved inside the kitchen when the argument escalated. Nieroda attempted to grab Matthew and pull him back, but Matthew jerked forward, slipped, and fell on Debra who was standing between Johnson and Matthew. Matthew then charged at Johnson and Johnson stabbed Matthew four times in his thigh, back, and neck and hit him on the top of the head. Johnson backed into the living room as Matthew ran at him and there was a brief struggle in the living room. The wound to Matthew's back punctured his lung, which collapsed. Matthew realized he was bleeding and returned to the kitchen. No one was in the living room with Matthew or Johnson. Johnson left the home soon thereafter. At trial, through his counsel's opening statement and closing argument, Johnson argued that he stabbed Matthew in self-defense.

The jury found Johnson guilty and the trial court sentenced Johnson to twenty-five years for the First Degree Assault and five years for Armed Criminal Action to be served concurrently. Johnson filed a direct appeal asserting that the trial court erred in refusing to give his proposed self-defense instruction. The Missouri Court of Appeals found that the trial court did not err in refusing Johnson's proposed self-defense instruction. Johnson then filed a motion for post-conviction relief asserting ineffective assistance of counsel, which was denied without an evidentiary hearing by the trial Court. The Missouri Court of Appeals affirmed the trial court's judgment. Johnson filed the current Petition on May 24, 2010 and the State filed a Response.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"), applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). In conducting habeas review pursuant to § 2254, a federal court is limited to deciding whether a claim that was adjudicated on the merits in state court proceedings (1) resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(d)(2).

In order for a claim to be considered to have been adjudicated on the merits by a state court, "the state court's decision must be a judgment—an adjudication—on a substantive issue—the merits (as compared with a procedural or technical point)." *Brown v. Luebbers*, 371 F.3d 458, 461 (8th Cir. 2004), *cert. denied*, 543 U.S. 1189 (2005). Under § 2254(d)(1), "the phrase 'clearly established Federal law' . . . refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (noting that the statutory phrase "clearly established Federal law" refers to "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision" ). To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent that the petitioner thinks the state courts acted contrary to or applied unreasonably. *Evenstad v. Carlson,* 470 F.3d 777, 783 (8th Cir. 2000).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. It is not necessary for a state court decision to cite, or even be aware of, applicable federal law, "so long as neither the reasoning nor the result of the state-court decision contradicts" federal law. *Early v. Packer*, 537 U.S. 3, 8 (2002).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 412-13; *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001). The writ will not issue merely because the federal court concludes that the relevant state court decision erroneously or incorrectly applied clearly established federal law. *Williams,* 529 U.S. at 411. "[E]ven if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." *Penry*, 532 U.S. at 792-93 (citing *Williams*, 529 U.S. at 410-11).

## III. Discussion

Johnson raises five primary claims for review in his Petition. Johnson seeks habeas relief asserting the following: (1) the trial court erred in rejecting the defense's proposed self-defense jury instruction; (2) he received ineffective assistance of trial and appellate counsel; (3) his post-conviction counsel had a conflict of interest; (4) the trial court erred in not giving an "appearance doctrine" self-defense instruction; and (5) he has newly discovered evidence.

### A. Self-Defense Jury Instruction (Claims One and Four)

In his first and fourth claims for review, Johnson alleges that the trial court erred in rejecting his proposed self-defense jury instruction, using the instruction given to the jury, and not giving an "appearance doctrine" self-defense instruction. In this case, the trial court gave a self-defense instruction, but not the instruction submitted by the defense. Johnson's proposed instruction in relevant part stated:

> On the issue of self-defense in this case, you are instructed as follows:
>
> If the defendant reasonably believed he was in imminent danger of harm from the acts of Matthew Hemmer or from the acts of Matthew Hemmer, Michael Nieroda, and Dustin Kreher and the defendant used only such force as reasonably appeared to be necessary to defend himself, then he acted in lawful self-defense.
>
> And if the defendant reasonably believed he was in imminent danger of death or serious physical injury from the acts of Matthew Hemmer or from Matthew Hemmer, Michael Nieroda, and Dustin Kreher and he reasonably believed that the use of deadly force was necessary to defend himself, then he acted in lawful self-defense.

Resp't Ex. B. at 41. The instruction given by the trial court did not include the names of Nieroda and Kreher. Johnson contends that the jury should have considered that he could have reasonably believed that he was in imminent danger from all three men. The Missouri Court of Appeals found that no evidence established that Nieroda and Kreher made any threat toward Johnson or even behaved in a manner that would have led Johnson to reasonably believe that they posed an imminent danger to him.

When determining whether to grant habeas relief, a federal court's review is limited to examining whether the conviction violated United States law." *Crump v. Caspari*, 116 F.3d 326,

5

327 (8th Cir. 1997). "Generally, the formulation of jury instructions concerns the application of state law. *Louisell v. Dir. Iowa Dept. of Corrections*, 178 F.3d 1019, 1022 (8th Cir. 1999). "It is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Bounds v. Delo*, 151 F.3d 1116, 1118 (8th Cir. 1998) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "Determinations of state law made by the Missouri Court of Appeals are binding." *Id.* "Errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." *Carson v. Dir. Iowa Dept. of Correctional Servs.*, 150 F.3d 973, 975 (8th Cir. 1998).

"[A] defendant has a due process right to a self-defense instruction if the evidence satisfies the requirements of the applicable law on self-defense." *Lannert v. Jones*, 321 F.3d 747, 754 (8th Cir. 2003). "[Even] if the failure to give the self-defense instruction were a violation of state law, habeas relief could only be granted if the failure to instruct the jury on self-defense amounted to a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure." *Crump*, 116 F.3d at 327. In order to submit a self-defense instruction to the jury in Missouri, the defendant must show by substantial evidence that he reasonably believed force was necessary to defend himself from the use of or imminent use of unlawful force by another person. *Id.* citing Mo. Rev. Stat. § 563.031.

The undersigned finds that no constitutional violation occurred in this case, therefore, habeas relief on this claim should be denied. The jury was given a self-defense instruction. The jury was also instructed to consider all of the evidence. The undisputed evidence showed that Matthew came to his mother's house drunk with two other friends. The evidence also showed that although Matthew's friends eventually came into the house, Nieroda actually tried to stop

the fight and Kreher stayed at the door after entering the house. Matthew and Johnson were the only ones in the house who were physically fighting. Based on the foregoing, the undersigned finds that the Missouri Court of Appeals' decision finding no error in the self-defense jury instructions did not result in a decision contrary to nor involve an unreasonable application of clearly established federal law or result in a decision based on an unreasonable determination of the facts in light of the evidenced presented in the state court proceedings.

### B. Ineffective Assistance of Counsel (Claims Two and Three)

Next, Johnson makes numerous claims of ineffective assistance against his trial and appellate counsel. To obtain relief based on ineffective assistance of trial counsel, a petitioner must establish (1) that trial counsel's performance fell below an objective standard of reasonableness and (2) that this deficient performance prejudiced the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

The "performance" component of *Strickland* requires a showing that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy this prong, a petitioner must first identify the specific acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id.* The court must then make a determination of whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* In making this determination, the court should recognize that trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

To satisfy the "prejudice" component of *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

7

would have been different." *Strickland*, 466 U.S. at 694. In determining whether sufficient prejudice exists, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. *Id.* at 695. Further, the court "should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge and jury acted according to law." *Id.* at 694.

Finally, a court reviewing an ineffective assistance of counsel claim is not required to address both the prejudice and performance components of the *Strickland* inquiry if a petitioner makes an insufficient showing on one component. *Id.* at 697. "A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the respondent as a result of the alleged deficiencies." *Id.* "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

### 1. Trial Counsel

Johnson asserts that his trial counsel was ineffective by (1) withholding exculpatory evidence; (2) refusing to conduct depositions and investigate Debra, Nieroda, and Kreher; (3) refusing to subpoena Debra and Matthew; (4) refusing to give self-defense instruction and "name" the self-defense instruction "appearance doctrine" for Nieroda and Kreher; (5) failing to include evidence of letters, pictures, and written statement from order of protection; and (6) failing to seek defense of premises jury instruction.

#### a. Failure to Call Witness

The only ineffective assistance of counsel claim presented to the Missouri Court of Appeals involved trial counsel's failure to call Debra as a witness. Johnson contends that the outcome of his trial would have been different if Debra had testified. Johnson states that Debra

would have had to answer to statements she wrote on an order of protection filed one week after the stabbing, including accusations of abuse, her threatened suicide, and that she went into a jealous lover rage, because Johnson was leaving her. Johnson also alleges she would have testified about Matthew's anger management and psychological issues.

Trial counsel's failure to call witnesses is presumed to be reasonable trial strategy. "Decisions relating to witness selection are normally left to counsel's judgment and this judgment [should not] be second guessed on hindsight." *Williams v. Armontrout*, 912 F.2d 924, 934 (8th Cir. 1990). An attorney's decision not to interview or call a particular witness must be viewed from the perspective of counsel at the time the decision was made. *U.S. v. Williams*, 562 F.3d 938, 941 (8th Cir. 2009). "When evaluated in this light, counsel's performance did not fall outside the range of professionally reasonable performance." *Parker v. Bowersox*, 94 F.3d 458, 461 (8th Cir. 1996).

The Missouri Court of Appeals found that Debra's testimony would not have provided a viable defense, because her proposed testimony would be cumulative to that presented by Matthew and Nieroda and counsel is not ineffective for failing to present cumulative evidence. The appellate court noted that the State's witnesses confirmed that Matthew was the initial aggressor and went at Johnson.

Johnson's recitation of Debra's proposed testimony in his Petition does not appear to help Johnson. The information about Johnson and Debra's volatile relationship and the fact that she had an order of protection against him were not relevant and would likely have placed him in a negative light. Although unlikely, Debra may have testified that she manipulated her son into confronting Johnson and Matthew was the initial aggressor. That evidence would have also shown that Johnson escalated the fight by introducing and using a knife. The undersigned finds

that counsel was not ineffective for failing to call Debra as a witness and Johnson has not demonstrated prejudice from that decision. Therefore, the undersigned finds that the Missouri Court of Appeals' decision regarding Johnson's ineffective assistance of counsel claim did not result in a decision contrary to nor involve an unreasonable application of clearly established federal law or result in a decision based on an unreasonable determination of the facts in light of the evidenced presented in the state court proceedings.

    b.  **Procedurally defaulted claims**

The remainder of Johnson's claims for ineffective assistance of trial counsel were not presented to the Missouri Court of Appeals. A state prisoner's petition for federal habeas corpus review under 28 U.SC. § 2254 may only be granted if the prisoner has exhausted his state law remedies. 28 U.S.C. § 2254(b)(1)(A). "Requiring the exhaustion of state remedies both allows the states to correct any possible constitutional violations without unnecessary intrusion by the federal courts and allows the state courts to create a factual record should the matter proceed to federal court." *Weeks v. Bowersox,* 119 F.3d 1342, 1349-50 (8th Cir. 1997). "In Missouri, a claim must be presented at each step of the judicial process to avoid default." *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). "Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review." *Jolly v. Gammon*, 28 F.3d 51 (8th Cir. 1994).

To overcome the default, a defendant must demonstrate either cause and actual prejudice as a result of the alleged violation of federal law, or demonstrate that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show cause for the default, defendant must demonstrate that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural

rule. *Murray v.Carrier*, 477 U.S. 478, 488 (1986). For example, a defendant could demonstrate that the factual or legal basis for a claim was not reasonably available to counsel or some interference by officials made compliance impracticable. *Id* at 488. Johnson has not presented any evidence demonstrating cause or actual prejudice for his procedural defaults. Therefore, these claims cannot be evaluated for federal habeas review.

### 2. Direct Appeal Counsel

Johnson also alleges that his counsel on direct appeal was ineffective because he failed to (1) appeal the issue of trial counsel's failure to "name" the self-defense instruction for Nieroda and Kreher "appearance doctrine" self-defense instruction and (2) not appealing the prosecutor's highly prejudicial statement during *voir dire* examination. Johnson did not present these ineffective assistance of counsel claims in his post-conviction motion before the trial court. Johnson has not provided any reasons that would overcome his procedural default of these claims. Therefore, these claims cannot be evaluated for federal habeas review.

### 3. Post-Conviction Counsel

Next, Johnson alleges that he received ineffective assistance of post-conviction counsel. Johnson contends that his post-conviction counsel exercised vexatious intent to sabotage his claim with a conflict of interest. Specifically, Johnson charges his post-conviction counsel with failing to send him the amended motion for post-conviction review. He also charges that his post-conviction counsel failed to include the following issues on his appeal: (1) trial counsel's failure to conduct depositions of Debra, Kreher, and Nieroda; (2) trial counsel's failure to submit instructions on self-defense of premises, and (3) trial counsel's failure to enter into evidence pictures and letters Debra sent to him.

"There is no federal constitutional right to the effective assistance of post-conviction counsel." *Clay v. Bowersox*, 367 F.3d 993, 1005 (8th Cir. 2004) (*citing Coleman v. Thompson*, 501 U.S. 722, 752 (1991)); *see also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral proceedings shall not be a ground for relief in a proceeding arising under section 2254"). In *Martinez v. Ryan*, the U.S. Supreme Court created a limited exception to this rule and held:

> Where under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial, if in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S.Ct. 1309, 1320 (2012). The Eighth Circuit has held that *Martinez* does not stand for the proposition that the failure to preserve claims on appeal from a post-conviction proceeding can constitute cause. *Arnold*, 675 F.3d at 1087 (citing *Martinez*, 132 S.Ct. at 1320) (holding does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings). Missouri law does not allow claims for ineffective assistance of counsel to be raised on direct appeal. *State v. Wheat*, 775 S.W.2d 155, 157 (Mo. 1989) (overruled on other grounds by *Joy v. Morrison*, 254 S.W.3d 885 (Mo. banc. 2008)).

In this case, Johnson was represented by counsel. Therefore, to overcome his procedural default, he will have to show that his initial-review collateral counsel was ineffective. The undersigned finds that he has failed to do so. An indigent defendant does not have a constitutional right to compel appointed counsel to press even non-frivolous claims requested by the client, if counsel, as a matter of professional judgment, decides not to present those claims. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). "Experienced advocates since time beyond

memory have emphasized the importance of winnowing out weaker arguments on appeal." *Id.* at 751.

Johnson's counsel's failure to include the three claims in his initial review collateral proceeding did not fall below an objective standard of reasonableness. First, Kreher and Nieroda testified at trial and were subject to cross-examination and Johnson has not shown how the failure to depose these trial witnesses prejudiced him. *See Jones v. Caspari*, 975 F.2d 460, 462-63 (8th Cir. 1992) (petitioner fails to show prejudice for failure of trial counsel to depose trial witnesses subject to cross-examination). Second, the undersigned finds that trial counsel was not ineffective for failing to depose Debra for the same reasons it was not below an objective standard of reasonableness or prejudice to Johnson not to call her as a witness. Third, counsel was not ineffective for failing to seek a defense of premises instruction. At the time of his trial, a defense of premises instruction required the following: (1) the victim was trespassing, (2) the victim entered for purposes of assaulting petitioner; and (3) that the force was necessary to prevent the commission of a felony. *See Worrall v. Dormire*, 4:09-CV-2079, 2012 WL 5258736 at *9-10 (E.D. Mo. Sept. 17, 2012). Given the jury's rejection of Johnson's self-defense theory, it is not likely that Johnson was prejudiced by counsel's decision not to advance a similar and weaker alternative theory of defense. *Id.* Finally, Johnson did not demonstrate why the letters and photographs from Debra were relevant to the facts of his case. *See* Rep't Ex. G at 18-25. Therefore, the undersigned finds that Johnson's ineffective assistance of counsel claims do not meet the *Martinez* exception and his claims for ineffective assistance of post-conviction counsel are not cognizable for federal habeas review.

## C. Actual Innocence

Finally, Johnson pleads actual innocence and asserts that he has newly discovered evidence. Under the fundamental miscarriage of justice standard, the petitioner may show that he is actually innocent by providing "new, reliable evidence- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The *Schlup* standard is demanding. *McQuiggin v. Perkins*, 133 S.Ct. 1936 (2013). "Few petitions are within the narrow class of cases implicating a fundamental miscarriage of justice." *Weeks*, 119 F.3d at 1351. Further, "a federal habeas court faced with an actual innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *McQuiggen*, 133 S.Ct. at 1924, 1927. "[U]ntimeliness, although not an unyielding ground for dismissal of a petition, does bear on the credibility of evidence proffered to show actual innocence." *Id.*

Johnson has not met the standard for review based on actual innocence. First, Johnson has not provided any new evidence and a bare, conclusory assertion that the petitioner is innocent is not enough. *Weeks*, 119 F.3d at 1352-53. The "new" evidence cited by Johnson consists of the same arguments he has made throughout his appeals, namely that Debra was in a jealous lover's rage and that she manipulated Matthew into attacking Johnson and Johnson feared attack by Matthew, Nieroda, and Kreher. These allegations, having been made before, are not new evidence and do not meet the demanding standard for presenting an actual innocence claim.

## IV. Conclusion

For the reasons set forth above, the undersigned recommends that Johnson's claims for relief should be denied. The undersigned further finds the grounds asserted by Johnson do not give rise to any issues of constitutional magnitude. Because Johnson has made no showing of a denial of a constitutional right, the undersigned does not recommend that a certificate of appealability be issued in this matter. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED**. [Doc. 1].

**IT IS FURTHER RECOMMENDED** that, for the reasons stated herein, any motion by Carl Johnson for a Certificate of Appealability be **DENIED**.

The parties are advised that they have fourteen (14) days in which to file written objections to these recommendations pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

Dated this 5th day of August, 2013.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE